# SETTLEMENT AGREEMENT AND RELEASES

City Lumber Inc. (the "Defendant"), and Derrick Burton ("Burton"; together with the Defendant, referred to as the "Parties"), desire to avoid the costs, risks, and delays associated with litigation and therefore agree, without any admission of liability or wrongdoing, to fully and finally resolve any and all issues between them, including those raised in the Lawsuit (defined below) as follows:

1.  **Definitions of Parties**

    a.  "Plaintiff" shall be defined as Derrick Burton.

    "Defendant" shall be defined as City Lumber Inc..

    b.  "Action" or "Lawsuit" refers to the lawsuit filed by Burton against Defendant on or about July 20, 2020, in the United States District Court, Eastern District of New York, with Civil Action #: 20-CV-03290 (LDH)(LB).

    c.  "Agreement" refers to this Settlement Agreement and Releases.

2.  **Consideration.** In consideration for Burton signing this Agreement and the release of all claims he has or may have against the Defendant, the Defendant agrees to make, or cause to made on its behalf, the following settlement payment totaling Fifteen Thousand Dollars ($15,000; the "Settlement Payment") as follows:

    a.  A check made payable to "Derrick Burton" in the amount of Four Thousand, Seven Hundred, Forty-Two Dollars and Fifty Cents ($4,742.50), less applicable taxes and withholdings, representing alleged unpaid wages and overtime, to be reported on an IRS Form W-2, due within thirty (30) days of the Effective Date and Court approval of this Agreement;

    b.  A check made payable to "Derrick Burton" in the amount of Four Thousand, Seven Hundred, Forty-Two Dollars and Fifty Cents ($4,742.50), representing liquidated and other damages, to be reported on an IRS Form 1099-MISC (Box 3), due within thirty (30) days of the Effective Date and of Court approval of this Agreement;

    c.  A check made payable to "Abdul Hassan Law Group, PLLC," in the amount of Five Thousand, Five Hundred, Fifteen Dollars and Zero Cents ($5,515), which includes Seven Hundred, Seventy-Three ($773) dollars in costs, to be reported on an IRS Form 1099-MISC (Box 14), due within thirty (30) days of the Effective Date and of court approval of this Agreement. Simultaneous with the execution of this Settlement Agreement, Abdul Hassan Law Group PLLC will supply Defendant's counsel with a completed IRS W-9 form;

   d. The payments above shall be sent by overnight delivery to the office of Plaintiff's counsel Abdul K. Hassan, Esq., located at 215-28 Hillside Avenue, Queens Village, NY 11427.

   e. By signing this Agreement, Defendants take no position and make no representations as to Burton's characterization of the Settlement Payment or whether the Settlement Payment paid pursuant to this Agreement should be characterized as wage income or non-wage income or whether Defendants should withhold and pay payroll taxes. Burton shall indemnify Defendant and Defendant's counsel, and shall be solely responsible, for any taxes and penalties incurred by any party or their counsel as a result of Burton's tax characterization of the Settlement Payment, including any IRS challenge to the characterization of the Settlement Payment in this Agreement.

   f. Burton further acknowledges and agrees that: (i) this settlement may result in taxable income to Burton under applicable federal, state and local tax laws; (ii) Defendant is providing no tax, accounting or legal advice to Burton, and makes no representations regarding any tax obligations or consequences on Burton's part relating to or arising from this Agreement; (iii) Burton shall be solely responsible for all of his tax obligations, including, without limitation, all federal, state and local taxes, and all tax liens or claims against Defendant that may arise from all payments received by them under this Agreement, and Burton shall not seek any indemnification from Defendant with respect thereto; and (iv) Burton shall cooperate and provide information to Defendant, as reasonably necessary, to allow Defendant to comply with all applicable federal, state and local tax laws.

   g. Defendant, which believes that it possesses actionable claims against Burton based on events which occurred during his employment, knowingly and voluntarily releases and forever discharges Burton of and from any and all claims, debts, obligations or liability whatsoever, whether known or unknown, that it has or may have against Burton, as of the date of execution of this Agreement.

   h. Burton acknowledges and agrees that, except as expressly provided in this Agreement, he is not entitled to, and will not claim or receive, any additional compensation, wages, overtime, liquidated damages, bonuses, severance payments, vacation pay or benefits of any kind from Defendant, or any of its respective affiliates, predecessors, successors, owners, or employees, and that no contrary representations or promises to the contrary have been made by or on behalf of Defendant or Burton. Nothing herein shall be construed to limit or otherwise affect any vested retirement and pension fund benefits that Burton may have accrued solely through, and be entitled to by, his membership in the Greater New York Lumber Industries Association and Lumber Drivers, Warehousemen and Handlers of New Jersey and the Greater Metropolitan Area Local 522. For the sake of clarity however, it is acknowledged that the Defendant is not responsible for administering or paying such vested retirement and pension fund benefits, if any.

   i. If there is a default in making the Settlement Payment herein, Burton or his counsel,

will give Defendants written notice of said default, by sending a notice of default by overnight mail and email to Defendants' attorneys Boyd Richards Parker Colonnelli, PL c/o Mr. Nicholas P Iannuzzi, Esq. at 1500 Broadway, Suite 505, New York, New York 10036 and niannuzzi@boydlawgroup.com. Defendant will have twenty-one (21) days from receipt of such notice to cure the default and make the Settlement Payment. If Defendant does not cure the default within twenty-one (21) days of the notice, without good cause, Burton and his Counsel shall have the right to seek a judgment against Defendant in the amount of Twenty Thousand Dollars ($20,000); less any monies paid by Defendants at the time of default. The Court shall retain and have authority and jurisdiction to enter such judgment in favor of Burton and his counsel.

3.     **No Consideration Absent Execution of This Agreement.** Burton understands and agrees he would not receive the Settlement Payment and/or benefits specified in Paragraph 2 above, except for his execution of this Agreement and the discontinuance of the Action with prejudice.

4.     **Release of Claims by Plaintiff.**  In return for the Settlement Payment identified in paragraph 2, Burton knowingly and voluntarily waives, releases, and forever discharges City Lumber, Inc., and its respective shareholders, members, officers, directors, attorneys, agents, employees, insurers, successors, and assigns, and all others claimed to be jointly liable (collectively referred to as the "Releasees")  from any and all rights, causes of action, claims or demands, whether express or implied, known or unknown, that arise on or before the date that Burton executes this Agreement, which Burton has or may have against the Releasees, including, but not limited to all of the following:

- Title VII of the Civil Rights Act of 1964;
- The Civil Rights Act of 1991;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Employee Retirement Income Security Act of 1974;
- The Immigration Reform and Control Act;
- The Sarbanes-Oxley Act of 2002;
- The Americans with Disabilities Act of 1990;
- The Family and Medical Leave Act;
- The Age Discrimination in Employment Act of 1967;
- The Fair Credit Reporting Act;
- The Fair Labor Standards Act;
- The New York State Executive Law (including its Human Rights Law);
- The New York State Labor Law;
- The New York wage and wage–hour laws;
- The New York City Administrative Code (including its Human Rights Law);
- Any other federal, state or local civil rights, human rights, bias, whistleblower, discrimination, retaliation, wage, hour, compensation, employment, labor or other local, state or federal law, regulation or ordinance;
- Any amendments to the foregoing laws;

3

- Any benefit, payroll or other plan, policy or program;
- Any public policy, contract, third-party beneficiary, tort or common law claim; or,
- Any claim for costs, fees, or other expenses including attorneys' fees.

5.  **ADEA Waiver.** Burton acknowledges that he is knowingly and voluntarily waiving and releasing any rights he has under the ADEA, and that the consideration given under this settlement for the waiver and releases Burton has given in this Agreement is in addition to anything of value to which he was already entitled. Burton further acknowledge that he has been advised, as required by the ADEA, that: (a) his waiver and release does not apply to any rights or claims that arise after the date he sign this Agreement; (b) he should consult with an attorney prior to signing this Agreement; (c) he has no more than twenty-one (21) days to consider this Agreement; (d) he has seven (7) days following the date he signs this Agreement to revoke this Agreement (the "Revocation Period"), which may be done only by a written revocation sent to counsel for Defendants; and (e) this Agreement will be effective immediately after the seven (7) day Revocation Period, which will be the eighth day after Burton signs this Agreement provided that it is not revoked (the "Effective Date"). Revocation shall nullify the entire Agreement and it shall be of no further force or effect, including the Settlement Payment which will not be made, and the case will continue in court as if there was no settlement or discontinuance.

6.  **Excluded Claims.** Notwithstanding anything to the contrary in this Agreement, the Release contained in this Agreement shall exclude claims that: (a) may arise after the date on which Burton executes this Agreement; or (b) cannot be released under applicable law (such as worker's compensation and unemployment insurance claims). Further, nothing contained in this Agreement is intended to, nor shall, interfere with Burton's rights under federal, state, or local civil rights or employment discrimination laws to initiate, testify, assist, comply with a subpoena from, or participate in any manner with an investigation conducted by an appropriate local, state, or federal agency enforcing discrimination laws, none of which shall constitute a breach of this Agreement. Notwithstanding the foregoing, Burton, upon execution of this Agreement affirmatively acknowledges that he has no damages of whatever nature and shall not be entitled to any relief (whether legal or equitable), recovery, or monies in connection with any such complaint, charge or proceeding brought or threatened against the Releasees, regardless of who filed or initiated any such complaint, charge or proceeding.

7.  **Acknowledgments and Affirmations.**

    a.  Burton affirms that in the Action he has asserted a claim in seeking unpaid wage or overtime pay under the Fair Labor Standards Act, the New York State Labor Law, and/or any other law, regulation or basis and affirms that there is a bona fide dispute as to the merits of such FLSA and other claims asserted, including that Defendants contend that he has been fully compensated for all work performed and that they believe they possess actionable claims against him, and that all claims are being settled and released by this Agreement. Burton further affirms that the agreed upon amount exceeds any amount he could otherwise be allegedly entitled to, and that this

4

settlement is fair and reasonable, and he authorizes his attorney to seek from the Court approval of the settlement as fair and reasonable under the FLSA, and dismissal of the Action with prejudice.

8. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict or choice of law provisions. In the event Burton or Defendants breach any provision of this Agreement, Burton and Defendants affirm that either may institute an action to specifically enforce any term or terms of this Agreement. If the release language is found to be illegal or unenforceable, Burton and Defendant agree to execute a binding replacement release(s).

9. **Amendment.** Except as provided in Paragraph 6 above, this Agreement may not be modified, altered or changed without the express written consent of both Parties wherein specific reference is made to this Agreement.

10. **Resolution of Disputes.** The Parties agree that the Court in this action shall retain jurisdiction to resolve any disputes arising out of this Agreement and the settlement of this action.

11. **Non-admission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either Party of any liability or unlawful conduct of any kind.

12. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Burton acknowledges he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement, and Burton's consent to this Agreement is given freely, voluntarily, and with full knowledge and understanding of this Agreement's contents.

13. **Section Headings.** Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

14. **Legal Fees.** Each Party will be responsible for its own legal fees or costs, if any, incurred in connection with the Lawsuit and the negotiation, settlement and delivery of this Agreement.

15. **Joint Participation in Preparation of Agreement.** The Parties participated jointly in the negotiation and preparation of this Agreement, and each Party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any Party or in favor of any Party. This Settlement Agreement shall be construed as if the Parties jointly prepared this Settlement Agreement, and any uncertainty or ambiguity shall not be interpreted against any one Party and in favor of the other.

16. **Competency to Waive Claims.** At the time of considering or executing this Agreement, Burton was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Burton has consulted with an attorney of his choosing and fully understands the terms within this Agreement and is competent to execute this Agreement.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement and Release as of the date set forth below:

PLAINTIFF:

DERRICK BURTON

By: _____D Burton_____
    AED216E99DFD44D...

Date: __2/9/2021__

DEFENDANT:

CITY LUMBER, INC.

By: _____

Print Name _____

Title _____

Date: _____

16. **Competency to Waive Claims.** At the time of considering or executing this Agreement, Burton was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Burton has consulted with an attorney of his choosing and fully understands the terms within this Agreement and is competent to execute this Agreement.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement and Release as of the date set forth below:

PLAINTIFF:

DERRICK BURTON

By: _____

Date: _____

DEFENDANT:

CITY LUMBER, INC.

By: *[signature]*

Print Name Chad Spodek

Title VP

Date: 2/9/21