UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

DERRICK BURTON,

                              Plaintiff,

      v.

CITY LUMBER, INC.,

                             Defendant.

**MEMORANDUM AND ORDER ADOPTING REPORT AND RECOMMENDATION**

20-CV-3290 (LDH) (LB)

---

LaSHANN DeARCY HALL, United States District Judge:

## BACKGROUND

On February 16, 2021, Plaintiff filed a proposed settlement in this Fair Labor Standards Act ("FLSA") action for review by the Court pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). (ECF No. 13.) The Court referred the motion to Magistrate Judge Bloom on February 18, 2021. On March 22, 2021, Magistrate Judge Bloom filed a report and recommendation ("R&R"), recommending that the Court deny the settlement because the release of liability provision is impermissibly broad and grant the parties 30 days to refile with a release tailored to claims in Plaintiff's complaint. (R&R 6, ECF No. 14.) Defendant timely objected.

## STANDARD OF REVIEW

When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court conducts a *de novo* review of those portions of a report and recommendation to which a party submits a timely objection. *Id*. "To accept those portions of the report to which no timely objection has been made, 'the district court

1

need only satisfy itself that there is no clear error on the face of the record.'" *Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd.*, 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (quoting *Urena v. New York*, 160 F. Supp. 2d 606, 609–10 (S.D.N.Y. 2001)).

## DISCUSSION

On February 16, 2021, the parties requested Court approval of their settlement agreement (the "Agreement"), resolving Plaintiff's FLSA and NYLL claims for unpaid wages, wage notice violations, and wage statement violations. (R&R 1.) Pursuant to the general release provision of the Agreement, Plaintiff agrees to release Defendant from "any and all rights, causes of action, claims or demands, whether express or implied, known or unknown, that arise on or before the date that Burton executes this Agreement[.]" (Agreement ¶ 4, ECF No. 13-1.)[1] Separately, the Agreement states that Defendant "believes that it possesses actionable claims against [Plaintiff] based on events which occurred during his employment . . . and releases . . . [Plaintiff] of and from any and all claims, debts, obligations or liability[.]" (*Id*. ¶ 2(g).)

In evaluating the Agreement's general release, Magistrate Judge Bloom noted that "Plaintiff's counsel . . . does not demonstrate how the release provision at issue benefits Burton, nor why the release is not economically one-sided." (R&R 4.) Moreover, Magistrate Judge Bloom found that Defendant's belief "that it possesses actionable claims against Burton" was "vague" and seems to be an "empty gesture" that does not cure the one-sidedness of Plaintiff's general release. (*Id*. at 5.) Magistrate Judge Bloom recommended this Court deny the parties' motion for settlement approval and grant the parties leave to tailor the release to the claims in Plaintiff's complaint. (R&R 6.)

---

[1] As noted by Magistrate Judge Bloom, Plaintiff's release includes, but is not limited to, claims or causes of action arising under a "laundry list" of 20 different statutes and common law theories of liability. (R&R 3 (citing Agreement ¶ 4).)

2

Defendant objects, arguing that the general release is mutual and appropriate in light of Defendant's release of potential claims it has against Plaintiff. (Def.'s Obj. R&R, 3 ("Def.'s Obj."), ECF No. 15.) With respect to potential claims against Plaintiff, Defendant maintains that Plaintiff claimed unemployment insurance benefits while still employed with Defendant and, "based in part on [Plaintiff's] submission, [Defendant's] unemployment insurance rate increased." (*Id*. at 3–4.) Thus, according to Defendant, its release is not illusory, but rather it reflects "real, actionable claims against [Plaintiff]" for fraud, conversion, and indemnification. (*Id*. at 3.) In providing its explanation, Defendant reveals that their objection is really no objection at all. That is, nothing in Defendant's purported objection directly challenges the finding that, as written, the general release is impermissibly one-sided. Instead, Defendant invites the Court to look outside the four corners of the proposed settlement agreement to excuse away the parties' failure to include language that would render the Agreement satisfactory on its face. This was necessary, according to Defendant, because the parties sought to keep the details of its possible claims and the nature of the allegations outside the public view. (*Id*. at 3.) This argument is curious at best given that the Defendant included the details of these very claims in this instant objection, which was filed on the public docket, and neither party sought an order from the Court to seal the submission. In any event, Defendant's explanation does not cure the deficiencies rightly identified by Magistrate Judge Bloom and their objection is overruled.[2]

---

[2] Although Plaintiff did not file a formal objection to Magistrate Judge Bloom's R&R, Plaintiff did file a response to Defendant's objection. Therein, Plaintiff argues that the Agreement's mutual general release is appropriate "because of potential termination claims, and the settlement amount was higher because of the broader released bargained for." (Pl.'s Resp. R&R 1 ("Pl.'s Resp."), ECF No. 16.) According to Plaintiff, the general mutual release benefits Defendant because it waives Plaintiff's potential termination claim "and other employment claims" he has against Defendant. (*Id*. at 2.) Although Plaintiff denies that Defendant has a potential unemployment insurance claim against him, he argues that "it was obviously beneficial to Plaintiff to obtain a general release . . . because defending any type of action even if ultimately found to [be] unmeritorious, can be costly and time consuming." (*Id*.) These arguments do not persuade the Court to approve the Agreement as drafted. Certainly, the Court

## CONCLUSION

For the foregoing reasons, Magistrate Judge Bloom's R&R is ADOPTED in its entirety as the opinion of this Court. Plaintiff's motion for settlement approval is DENIED. The parties are granted leave to refile a motion for settlement approval with a release tailored to the claims outlined in the parties' objections within thirty (30) days of this memorandum and order.

SO ORDERED.

Dated: Brooklyn, New York  /s/ LDH
       September 30, 2021  LaSHANN DeARCY HALL
                                                        United States District Judge

---

recognizes the benefits of a fairly drafted mutual release. For the reasons set forth in Magistrate Judge Bloom's R&R, the release at issue here cannot be rightly characterized as such.