UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DERRICK BURTON,

                Plaintiff,                                            **ORDER**
                                                                         **20 CV 3290 (LB)**

   -against-

CITY LUMBER, INC.,

                Defendant.
----------------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

       Plaintiff Derrick Burton brings this action against City Lumber Inc. ("City Lumber"), alleging that defendant violated his rights under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") by failing to pay him proper overtime wages and by failing to provide him with proper wage notices and statements. See Complaint ("Compl."), ECF No. 1. The parties participated in Court-annexed mediation on January 13, 2021, where they reached a settlement. ECF No. 12. The parties moved for settlement approval and their motion was referred to me for a Report and Recommendation by the Honorable LaShann DeArcy Hall. I recommended that the motion should be denied without prejudice as the release of claims provisions in the settlement agreement were impermissibly broad. See ECF No. 14. Judge DeArcy Hall adopted my Report and Recommendation and ordered the parties to resubmit their agreement for Court approval. ECF No. 18.

       The parties now move for Court approval and have resubmitted their revised settlement agreement. ECF No. 21. For the reasons set forth below, the parties' settlement of this FLSA action is approved as fair and reasonable.[1]

---

[1] The parties consented to the jurisdiction of a magistrate judge for all purposes under 28 U.S.C. § 636(c). ECF No. 20.

## BACKGROUND AND PROCEDURAL HISTORY

The Court assumes familiarity with the facts and procedural history as set forth in my Report and Recommendation. ECF No. 14. The parties' first settlement agreement contained an overbroad release of liability, thus rendering the agreement at odds with the protective intent of the FLSA. Under that agreement, plaintiff would release defendant from "any and all rights, causes of action, claims or demands, whether express or implied, known or unknown, that arise on or before the date that Burton executes this Agreement." First Settlement Agreement ("FSA"), ECF No. 13-1 at ¶ 4. The parties attempted to make the release reciprocal by also including a release of claims that defendant claimed it possessed against plaintiff. Id. at ¶ 2.g.

I recommended that the parties' motion for settlement approval be denied without prejudice as the mutual general release did not satisfy the requirements of Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). Defendant objected to the Report and Recommendation, ECF No. 15, and the Court adopted the Report and Recommendation, finding that the agreement was impermissibly one-sided as written, and that defendant was asking the Court to "look outside the four corners of the proposed settlement agreement to excuse away the parties' failure to include language that would render the Agreement satisfactory on its face." ECF No. 18.

The parties now file a revised settlement agreement seeking the Court's approval. Second Settlement Agreement ("SSA"), ECF No. 21. The release of liability provision in the SSA states that plaintiff releases defendant from "any and all claims asserted in this action," and the provision releasing plaintiff from liability by defendant has been removed. SSA ¶ 4. The rest of the SSA is substantively identical to the FSA and is not objectionable.

## DISCUSSION

"Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015). The settlement should be approved if the proposed agreement "reflects a reasonable compromise over contested issues[.]" Kochilas v. Nat'l Merchant Servs., Inc., No. 14 CV 311(LB), 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citations omitted).

Here, the parties have agreed that defendants shall pay plaintiffs a total settlement amount of $15,000.00. SSA ¶ 2. The first check is in the amount of $4,752.50, less applicable taxes and withholdings, representing unpaid wages and overtime, due within 30 days of the approval of the Agreement and made payable to plaintiff. Id. at ¶ 2(a). The second check is a total gross amount of $4,752.50, representing liquidated and other damages, also due within 30 days of the approval of the Agreement and made payable to plaintiff. Id. at ¶ 2(b). A third and final check, in the amount of $5,515.00, is due within 30 days of the approval of the Agreement and made payable to Abdul Hassan Law Group PLLC. Id. at ¶ 2(c). Defendant shall deliver all checks to plaintiff's counsel. Id. at ¶¶ 2(a)-(c). [2]

This is a fair and reasonable settlement. This amount is inclusive of plaintiffs costs, $773.00, and attorney's fees consisting of $4,742.00. Id. at ¶ 2(c). Upon review of plaintiff's counsel's contemporaneous billing records, ECF No. 13-2, the circumstances of the case, the work required to resolve this matter, and the fact that the attorney's fees set forth in the agreement are 1/3 of the total settlement amount, the Court finds that plaintiff's request for attorney's fees and

---

[2] The Agreement also states that if defendant defaults in making these payments, plaintiff shall send notice by overnight mail and email defendant's attorneys. Defendants will have 21 days to cure the default. Id. at ¶ 2(h)(i).

costs is reasonable. See 29 U.S.C. § 216(b); see also Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012). The settlement agreement does not include a general release[3] confidentiality clause, or non-disparagement clause.

## CONCLUSION

Accordingly, the parties' instant motion for settlement is approved. The Clerk of Court shall close this case.

SO ORDERED.

                                                    /S/
                                     LOIS BLOOM
                                     United States Magistrate Judge

Dated: January 12, 2022
       Brooklyn, New York

---

[3] As detailed above, the release is limited to "any and all claims [against defendant] asserted in this action, including but not limited to all wage and overtime claims, failure to provide notices, claims for liquidated damages, and attorneys' fees." Id. at 4. See Lopez v. Poko St. Ann L.P., 176 F. Supp. 3d 340, 344 (S.D.N.Y. 2016) (citation omitted) ("[A] number of judges in this [Circuit] refuse to approve any FLSA settlement unless the release provisions are 'limited to the claims at issue in this action'").